

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
                                                  )
THE FINANCIAL TIMES LIMITED,                      )   Civil Action No. _____
                                                  )
                  Plaintiff,                      )
                                                  )   **COMPLAINT**
            v.                                    )
                                                  )
THE BLACKSTONE GROUP L.P.,                        )   **JURY TRIAL DEMANDED**
and JOHN DOES 1 through 100,                      )
                                                  )
                  Defendants.                     )
                                                  )
------------------------------------------------- x

Plaintiff, The Financial Times Limited by its undersigned counsel, as and for its complaint against The Blackstone Group L.P., states as follows:

## INTRODUCTION

1.      This action for copyright infringement and violation of the Computer Fraud and Abuse Act arises from the unlawful sharing by countless persons in one global financial enterprise, using a single individual's subscription account, of access to thousands of articles that Plaintiff The Financial Times Limited makes available through password access pursuant to paid subscriptions on its website, FT.com.

## THE PARTIES

2.      Plaintiff The Financial Times Limited ("FT") is a company organized and existing under the laws of the United Kingdom, with its principal place of business located at Number One Southwark Bridge, London, SE1 9HL, United Kingdom.

3. Defendant The Blackstone Group L.P. ("Blackstone") is a Delaware limited partnership with its headquarters in New York, New York, with its principal place of business located at 345 Park Avenue, 31st Floor, New York, NY 10154 USA.

4. Plaintiff believes and therefore alleges that John Does 1-100 are, or were, individuals employed by Blackstone, and who worked for Blackstone within the United States.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1338 because it arises under the federal Copyright Act and the federal Computer Fraud and Abuse Act.

6. Venue is proper in this District because a substantial part of the events giving rise to the cause of action occurred here and because Defendant Blackstone is found here. FT believes, and therefore alleges, that many of the John Doe defendants are found in this District as well.

## GENERAL ALLEGATIONS

7. FT is one of the world's leading business news organizations, with international recognition for its authority, integrity and accuracy. The Financial Times newspaper has achieved an outstanding reputation for the breadth and depth of its analysis, particularly of global markets. Its independence and impartiality set it apart from its competition and find expression in its motto "without fear and without favour." Providing extensive news, comment and analysis, the newspaper has a daily circulation of approximately 434,341 and a daily readership of approximately 1.3 million people worldwide in print. Indeed, FT is one of the most important and valued sources of information for top executives, politicians, senior banking officials, and

money managers around the world. Warren Buffett referred to FT as "the leading source for daily international financial news."

8.  FT.com is one of the world's leading business information websites, providing an essential source of news, comment, data and analysis for the global business community. FT.com attracts approximately 7.1 million unique users each month (of whom 1 million are registered users), generating approximately 72 million page views each month.

9.  Over the past decade, FT has turned FT.com into a powerhouse destination for persons seeking articles of interest and premium business information. Unlike many other websites, FT.com thrives on a subscription model and attracts subscribers who are willing to pay annual subscription fees. The subscription revenue model requires that FT secure from paid subscriptions, or other licenses to access the content on FT.com, the revenue that FT needs in order to invest in creating valuable content and delivering it to users in a relevant and convenient fashion.

10. While occasional users may currently receive three articles per month without registering, or up to 10 articles per month for a free registration, unlimited subscriber access to FT articles in the United States requires payment of between $179 and $299 per year. (These subscription fees are separate from the cost of the newspaper subscription.) As well as offering subscriptions for individual personal use, FT also provides a range of corporate subscriptions through corporate "digital licenses" at prices that reflect the type of content and access and the number of users within an enterprise.

11. FT owns the copyright of thousands of articles that it delivers via the FT.com website. Registration of copyright is not a condition of copyright protection. In the case of

Berne Convention works, unlike the case of United States works, registration is also not a condition of jurisdiction of this Court.

12.     FT has registered the copyright in numerous issues of the North American edition of the Financial Times newspaper that contain some of the same copyrighted articles. The copyright registrations include, but are not limited to, the following:

| Newspaper Issues By Date | Reg. Number |
| --- | --- |
| Jan06 (21 issues) | TX0006607997 |
| Feb06 (20 issues) | TX0006607995 |
| Mar06 (23 issues) | TX0006607996 |
| Apr06 (21 issues) | TX0006607994 |
| May06 (23 issues) | TX0006607993 |
| Jun06 (23 issues) | TX0006607992 |
| Jul06 (21 issues) | TX0006607991 |
| Aug06 (23 issues) | TX0006614589 |
| Sep06 (21 issues) | TX0006607985 |
| Oct06 (21 issues) | TX0006607990 |
| Nov06 (22 issues) | TX0006607986 |
| Apr08 (26 issues) | TX0006648009 |
| May08 (26 issues) | TX0006648008 |

13.     Blackstone is a major global financial organization, with its partnership interest units publicly traded on the New York Stock Exchange. Blackstone describes itself as "one of the largest alternative asset managers in the world" and as a provider of "financial advisory services, including corporate and mergers and acquisitions advisory, restructuring and reorganization advisory and fund placement services." It further states that its revenues consist primarily of management and advisory fees, performance fees and allocations such as "carried

interest" in investments it manages, and investment income. Defendant Blackstone's annual report filed on March 12, 2008 showed fiscal year 2007 revenues of over $3 billion and net income of over $1.5 billion.

14.     FT believes, and therefore alleges, that beginning in 2002, an individual senior employee of Defendant Blackstone authorized the initiation and repeated renewal of an individual, personal subscription to FT.com using individual corporate credit cards charged to Defendant Blackstone. FT believes, and therefore alleges, that the individual held a senior position in finance and compliance at Defendant Blackstone.

15.     An individual subscription requires a user ID and a password, selected by the subscriber, to obtain access to the FT.com website. In this case, the individual subscriber selected "theblackstonegroup" as the user ID and "blackstone" as the password. (Together the user ID and password constitute "user credentials" for the subscription account.)

16.     In 2008, FT learned that the user credentials of the individual subscription of the Defendant Blackstone's employee had enabled access between February 2006 and June 2008 alone to thousands of individual articles on FT.com, far more than an individual would normally access. Account usage from specific computers is reflected in unique "cookies" (authentication/identification data resident on a single computer that identifies that computer to a server that receives requests from the computer). The number of cookies recorded and the IP addresses associated with the credentials point inescapably to widespread use of the single, individual account on FT.com by many different persons on Defendant Blackstone's U.S.-based and non U.S.-based network servers.

17.     FT believes, and therefore alleges, that the account usage involved many instances of access to the FT.com site from persons associated with Defendant Blackstone

5

outside the United States. While those uses are outside the scope of this lawsuit, which concerns United States violations only, they illustrate the pervasiveness of the unlawful conduct throughout Defendant Blackstone, the gravity of the harm, and Blackstone's intent with respect to the United States violations.

18. After discovering the massive unlawful multiple access to a subscription with an individual user's credentials, FT disabled the credentials to mitigate damages.

19. Defendants John Does 1 through 100 are individual employees and/or ex-employees of Blackstone who abused the subscription credentials of another individual for their own, unauthorized, access to FT.com. FT believes, and therefore alleges, that they work, reside, or are found within this District.

## FIRST CAUSE OF ACTION
## (COPYRIGHT INFRINGEMENT AS AGAINST JOHN DOES 1-100)

20. FT incorporates and realleges paragraphs 1-19 above, as if fully set forth here.

21. Defendants John Does 1 through 100 are employees and/or former employees of Defendant Blackstone who have used the account credentials of another person, namely "theblackstonegroup" as a user ID and "blackstone" as a password, to access FT.com.

22. FT is uncertain of the names of the persons sued as John Does 1 through 100, but will amend the complaint to identify them personally after discovery to identify their identities.

23. The John Doe Defendants, without authorization, have infringed upon FT's copyrights by reproducing copyrighted works of FT in copies in connection with their unlawful access to FT.com, in violation of FT's rights under 17 U.S.C. § 106(1).

24. As a consequence of the infringements by Defendants John Does 1 through 100, FT is entitled to actual and/or statutory damages; those defendants' profits arising from the

infringements; an injunction against future infringements, and attorneys' fees as part of costs of the action.

25. FT believes, and therefore alleges, that the infringements by John Does 1 through 100 were willful, entitling FT to increased statutory damages at FT's election before entry of judgment.

## SECOND CAUSE OF ACTION

### (COPYRIGHT INFRINGEMENT AS AGAINST DEFENDANT BLACKSTONE)

26. FT incorporates and realleges paragraphs 1-25 above, as if fully set forth here.

27. FT believes, and therefore alleges, that the infringements committed by John Does 1 through 100 occurred in the course and scope of their employment with Defendant Blackstone.

28. FT believes, and therefore alleges, that the infringements committed by John Does 1 through 100 occurred at Defendant Blackstone's premises, over its computer networks, with computers that Blackstone furnished and maintained, in connection with its operations, and for Blackstone's benefit.

29. FT believes, and therefore alleges, that Blackstone had a direct financial interest in, and the right and ability to control, the conduct of John Does 1 through 100 as Defendant Blackstone's employees.

30. FT believes, and therefore alleges, that John Does 1 through 100 acted as agents of Defendant Blackstone in the course of their unlawful access to FT.com and their violations of FT's copyright rights.

31. FT believes, and therefore alleges, that Defendant Blackstone, through one or more employees, furnished and distributed to other of its employees unlawful user credentials by

which the employees could gain access to FT.com without authorization. Defendant Blackstone, acting through its agents and employees, intended to furnish employees with the instrumentalities of infringement – namely user credentials and computing resources to access FT.com – in order to allow them to engage in the reproduction of FT.com materials on their computers in the course of their employment and for the benefit of Defendant Blackstone. Defendant Blackstone acted intentionally, knowingly, and recklessly in furnishing the tools of infringement to its employees for those purposes, and it induced, caused, and materially contributed to the infringements.

32. As a consequence of the actions described above, Defendant Blackstone is liable to FT as a copyright infringer under the doctrines of vicarious liability and contributory infringement.

33. As a consequence of the infringements by Defendant Blackstone, FT is entitled to actual and/or statutory damages, Defendant Blackstone's profits arising from the infringements, an injunction against future infringements, and attorneys' fees as part of costs of the action.

34. FT believes, and therefore alleges, that the infringements by Blackstone were willful, entitling FT to increased statutory damages at FT's election before judgment.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT AGAINST ALL DEFENDANTS)

35. FT incorporates and realleges paragraphs 1-34 above, as if fully set forth here.

36. FT operates a system or network of computers at FT.com, to which it grants or limits authorization by use of cookies and user credentials.

37. FT's computers are active in interstate or foreign commerce or communication, including computers located outside the United States that are used in a manner that affects interstate or foreign commerce or communication of the United States.

38. FT authorizes only persons with genuine user credentials to have unlimited access to FT.com.

39. FT authorizes only persons with genuine user credentials to have access to certain premium works published on FT.com.

40. FT authorizes only one person to use an individual's user credentials to access FT.com.

41. Defendants Blackstone and its employees and/or officers, including John Does 1 through 100, acted in concert to share one user's credentials among multiple persons in an enterprise instead of purchasing a multi-user license. Their conduct aimed at furthering a joint enterprise.

42. Defendants intentionally accessed computers of FT without authorization and exceeding authorized access, to the damage of FT in an amount to be determined, but in any event above $5000 for any one-year period. Defendants' conduct came to light within two years of the filing of this Complaint.

43. FT believes and therefore alleges that Defendants, knowingly and with intent to defraud, accessed FT's computers at FT.com without authorization and exceeding authorized access, by means of the conduct thus furthering their fraud and obtaining matters of value.

44. FT has suffered damage and loss as a result of Defendants' violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and FT is entitled to an injunction and to an award of compensatory damages jointly and severally from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FT demands judgment against all Defendants as follows:

(a) a judgment in favor of FT and against Defendants on all causes of action;

(b) an award to FT of its actual damages and Defendants' profits, or at its election before entry of judgment, statutory damages (increased because of Defendants' willfulness) for the Defendants' copyright violations;

(c) an award to FT of compensatory damages for the Defendants' violations of the Computer Fraud and Abuse Act;

(d) preliminary and permanent injunctions against Defendants' further violation of FT's copyrights and against Defendants' further unauthorized access, or access beyond authorization, of FT's computers, including but not limited to FT.com;

(e) an award of costs of the action, including attorneys' fees on the copyright claims; and

(f) such other relief as the Court may find just and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff FT demands a trial by jury.

Dated: New York, New York
       January 28, 2009

                              WINSTON & STRAWN LLP

                              By: /s/ Luke A. Connelly
                              Luke A. Connelly
                              Evelyn B. Yaffe
                              200 Park Avenue
                              New York, NY 10166-4193
                              Telephone: (212) 294-6700
                              Facsimile: (212) 294-4700
                              lconnelly@winston.com
                              eyaffe@winston.com

                              Of Counsel:
                              Andrew P. Bridges
                              WINSTON & STRAWN LLP
                              101 California Street, 39th Floor
                              San Francisco, CA 94111
                              Telephone: (415) 591-1482
                              Facsimile: (415) 591-1400
                              abridges@winston.com

                              *Attorneys for Plaintiff The Financial Times Limited*